**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CAPITAL ONE, NATIONAL ASSOCIATION**                                    **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 3:13-cv-54-CWR-LRA**

**AG-PILOTS, INC., JIMMY THRASH, AND**
**HELEN THRASH**                                                            **DEFENDANTS**

## ORDER

Before the Court is Plaintiff Capital One, National Association's Motion for Partial Summary Judgment [39].[1] This is a diversity action involving a loan agreement and promissory notes executed by AG-Pilots, Inc. for the purchase of two aircraft on January 17, 2007. Jimmy Thrash, President and Director of AG-Pilots, and his wife, Helen Thrash, guaranteed the loans by executing written commercial guaranty agreements. On January 30, 2013, after the Defendants, AG-Pilots, Inc., Jimmy Thrash, and Helen Thrash, defaulted on their obligations under the loan agreement, promissory notes, and commercial guaranty agreements, Plaintiff filed this action, seeking damages "in the total amount of $1,969,109.23, plus interest from and after November 27, 2012, at the default rate, all costs of foreclosure, repossession and sale of the Aircraft, any costs incurred in clearing the title to the Aircraft, and all costs of collection, including reasonable attorneys' fees and expenses." Docket No. 1 (Complaint), at 9.

Upon Capital One's motion and after a hearing held January 30, 2013, the Court entered an order granting Capital One's request for replevin of the aircraft. Since that time, Capital One obtained possession of the aircraft, sold them, provided the Defendants with a detailed

---

[1] Despite the Court entering an Order, *sua sponte*, granting the Defendants additional time to respond to Plaintiff's motion for partial summary judgment, *see* TEXT-ONLY ORDER of March 18, 2014, the Defendants have not responded. Unlike some other motions, the Court does not grant summary judgment by default. *See* Local Unif. Civ. R. 7(b)(3)(E); *John v. State of La. (Bd. of Trustees for State Colls. & Univs.)*, 757 F.2d 698, 708 (5th Cir. 1985) (providing that summary judgment must be denied if the moving party fails to show the absence of a genuine issue of material fact, even if the nonmovant does not respond to the motion).

accounting of the amount that remained due after the net sales proceeds of the aircraft were deducted from the Defendants' balance, and demanded that the Defendants pay the remaining deficiency.

Because the Defendants have not paid the balance due on the loans, Capital One moves for a judgment as a matter of law on all of its breach of contract claims. Further, Capital One requests "a judgment against the Defendants, jointly and severally, in an amount equal to the remaining deficiency balance owed under the Promissory Notes, including reasonable attorneys' and expert's fees and expenses and other expenses incurred by Capital One in the seizure, preservation, maintenance, repair and sale of the aircraft, with the amount to be determined by the Court following a hearing thereon." Docket No. 39, at 2.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this case, the Defendants admitted in their responses to the requests for admissions propounded to them that (1) they executed the subject loan agreement, promissory notes, and guaranty agreements at issue; (2) no payments have been made on the promissory notes since June 20, 2011; (3) the promissory notes matured on January 17, 2012; and (4) AG-Pilots defaulted on the promissory notes. Docket Nos. 39-1, 39-2, 39-3; *see also* Docket Nos. 1-1 to 1-10. Although they have not opposed Capital One's motion for partial summary judgment, they have denied that the sale of the aircraft was commercially reasonable. *See* Docket No. 39-1, at 3; Docket No. 39-2, at 3; Docket No. 39-3, at 3. Partial summary judgment, therefore, is hereby granted in favor of Capital One on all of its breach of contract claims. However, the amount of damages for which the Defendants are jointly and severally liable shall be determined following a hearing on the matter, the date of which will be determined at the pretrial conference.

3

**SO ORDERED AND ADJUDGED**, this the 3rd day of April, 2014.

                                                          s/ Carlton W. Reeves
                                                        UNITED STATES DISTRICT JUDGE